Good morning, ladies and gentlemen. Happy Friday to each of you. We have six matters on the calendar today, two of which are submitted. We'll do that officially at this time. They are Lee v. McRae and Bronos v. Target Corporation. So the first case for argument today is Lozano v. Cabrera et al. So the counsel will get there. You're both appearing remotely, I guess, so you're already there. So I guess we're starting with Mr. Handy. Is that right? That's correct, Your Honor. Please proceed. Thank you. Good morning, Your Honors. If you may, please look forward. My name is Russell Handy, and I represent the plaintiff appellate. Given that my brief was filed last, the last filed brief, I'd like to reserve five minutes, ten minutes, so that I can adequately respond to any arguments made by my counterpart. Okay. We're appealing about $30,000 of sanctions awarded under both 28 U.S.C. 1927 and Rule 11. The position is that there is no sanctioned conduct in this case. In fact, I don't think there was any improper conduct in this case. We're being sanctioned for three reasons identified by the district court. One, because we supposedly took too long to find a 13-year-old settlement agreement. Two, because we raised our settlement demand from $6,000 to $12,000 during the course of the case. And three, because we had apparently the audacity to maintain the lawsuit. Did you do that doubling right at the time that he produced the settlement agreement? That is true. That is true, Your Honor. And the third reason was because we maintained the lawsuit. We defended it against the Rule 12b, and we thought that it had merit. You have to admit it's pretty unusual to sue the same person over the same thing when there's a settlement agreement governing the case and reserving jurisdiction over any disputes that might arise under the settlement. That's pretty unusual. Yeah, and in fact, if the settlement agreement had obligated them to maintain a parking space or obligated them to even install one, and therefore we could have sued for breach of contract, we would have. We've done that on a number of occasions where there has been a breach, even those years later. This case did not have such. We did not have a meritorious breach of contract that we could bring, and we did not have a term that we could enforce. As we point out numerous times in all of our briefs, there's not a term in the original settlement agreement that the defendant was in violation of. There's not a term that we could have gone to the court and said, please enforce this. Counsel, let me ask you this. You have a different view of the world than what I see in the briefs. This is your third appeal, and you were told by our court in the previous appeal you had nothing, nothing, and yet you filed again. My question right now is not so much whether the district judge was right or whether we ought to sanction you for making a frivolous appeal. Why shouldn't we? Your Honor, I'd like to know what the reason is for the frivolity of the appeal. We won the original appeal. And then you did the same thing again, and our court said that the contract that you were talking about had certain impacts. And then you turned right around and sued on the same thing again, ignoring completely what our panel said. No, no, no, that's not what happened, Your Honor.  There was the first lawsuit that was settled. There was a second lawsuit, and this court ultimately dismissed it, and we're not challenging that, and we haven't filed yet another lawsuit. All we've been doing for the last two appeals is appealing the sanction order. What I'm saying is this is your third appeal, is it not? This is our second appeal. Well, no, that's not true. We had two appeals simultaneously. One was to appeal the dismissal, one was to appeal the sanction, but that happened at the same time. They're appealing both orders in that case. We were successful in the appeal of the sanction award. It went back to the district court, and the district court revised its reasoning for the sanction and issued the sanction again, and we're appealing that. But the district court followed what our court said the 2014 settlement did, right? Our court construed it, said what it meant. The district court followed that, and now you're appealing in almost exactly the same words. You've cut and pasted the appeal. No, we're not appealing that ruling, Your Honor. I know you're not, but I mean you've cut and pasted from the previous appeal, did you not? Only on the arguments that show that we had legal arguments justifying an argument that our second complaint was not precluded. That's the purpose of this thing. Yes, this court agreed that we were precluded from filing that second complaint, okay? And so we argued that, and we were wrong, all right? But all we're saying is that there's not sanctionable conduct for making an argument under the law that the second complaint had merit or tenable merit. We only included those additional points in the 30s to demonstrate we had a good faith basis for arguing that the first complaint, which did not lay future conduct, which did not actually have a term that could be enforced, did not preclude the second one. That's the only reason why we included additional, the same points in the 30s that show the tenable merit of our arguments, even though they ultimately lost. You said you wanted to save five minutes. Do you want to do that, or do you want to argue? It's up to you. I'd like to. I'd like to save four minutes now. Okay, fair enough. Okay. Anyway, that's one of the issues we have before the court, is that we made a good faith argument, and we have filled the briefs with our arguments about you cannot lay future civil rights violations, and that the settlement agreement, the original settlement agreement, did not preclude. There was nothing in there that we could enforce. So we brought a second one. This is new conduct. This is ten years later. New conduct where they're clearly violating the law. No question that they're not violating the law. We bring a second claim, and the court said, well, you're precluded by the first one because you sort of enforced that. But we couldn't enforce it. And I keep saying, which term in that original settlement agreement could we enforce? We can't. And not only that, this is new conduct. They had installed accessible parking. They were in compliance. There was no problem. It's ten years later when they let it fade, and it no longer exists. Counsel, if I may ask, what is the basis for increasing your settlement demand, doubling the settlement demand? To put it terribly, it's not a good look. It seems like you're bullying the defendants here. You know, a lot of these suits, they often target mom-and-pop shops or immigrant-owned businesses, and you threaten them with a lot of money. And then here it seems like they try to make a certain defense, and you settle, and then you double it. I mean, that's not a good look. Your Honor, and that's explained in Mr. Potter's e-mail in real time at the time that it was done. He said, you know, and as we put it in our briefs, there was a decision just got handed down, Rodriguez v. Barista, and there was hard to find any decisions that assessed the actual value of these cases where there's no physical damage. And that case, which was just two months before we gave that settlement demand of $12,000, was in fact $12,000 for an 88 case where there was no injury. Those things, the damages can vary quite a bit. So, yeah, that doesn't seem credible to me. It's like coming in a case, and you point to another case, and you double a settlement demand and saying, well, now you need to settle with a doubled amount. That does not seem credible. Just point to another case. There's two things here, Your Honor. First of all is that they didn't take the $6,000. The highest they came up in this case was $2,000. So this didn't vexatiously multiply the proceedings in any way. And second of all, I've never heard of a case where a reasonable settlement demand, based on recent case law, is sanctionable conduct. Where, oh, no, you're going to be sanctioned now because you dared to demand $12,000. I've rarely seen a case where in settlement demand you double the settlement demand after another party tries to potentially assert that that's an ask for a settlement agreement. It seems like you're bullying the defendants here. Okay, Your Honor, I understand that that's what it may seem to someone. That's not the case, and we explain the reason in the e-mail. We also said also that people are going to get it. It seems like a pretext. It seems like a complete pretext. Okay, so a reasonable settlement demand is a pretext for what? Like, I mean, it was a reasonable settlement demand well within the sphere of what's here. And not only that, as Mr. Potter stated in his e-mail, this isn't just like someone didn't know the law. They had been sued before, violating the law, settled, and ten years later they're back violating the law again, and they should be afforded a less compromising position because they're recidivists. I don't think that's an unreasonable settlement position, and it's certainly not sanctionable. Rule 11 or 1927 sanctions for this, this is just normal settlement discussion. And so it's one of the reasons why we appealed the sanction award, because, I mean, if this is grounds for sanction, making a reasonable settlement demand or pointing out you're a recidivist, I mean, you've done this twice now. You should be afforded a less compromising position. That's exactly what we said in the e-mail. And furthermore, they weren't willing to even settle at the lower amount, so it didn't multiply the proceedings. Eddie, would you like to? I'm going to save the balance of your time. Yes, please. Very well. Okay, let's hear from Lillie Fowley. I think you're muted. You're muted. We can't hear you. Okay, thank you, Your Honors. Good morning. While I disagree with a lot of the characterizations of the facts or the assumption that I don't think is borne out by the record that my clients were in violation, I would like to really just respond to your questions. Let me ask you this. How is doubling a settlement demand, in quotes, vexatious behavior under the standards governing sanctions? Well, I think there were two parts, and the Rule 11 really focused in on the frivolity of the lawsuit itself, given the stipulation. And the second part, the 1927 sanctions, which focused in on multiplying the proceedings. And the way that doubling the settlement demand, I mean, it was a tense negotiation to begin with, and by moving the debt finish line all that much further out, it almost assured, really, that the litigation would continue. You know, part of the problem here, as you'll see in the record, it is disputed, but I think that it's borne out pretty well in the record. The plaintiff's attorney was telling me that I was, and she had previous litigation, told me that I was pre-approved at a certain settlement amount. You were pre-approved at a settlement amount? What does that mean? Well, I had a lot of litigation with this firm, ADA litigation. And you know what, to tell you the truth, that was okay, because when you have a case where there is a violation that's not in dispute, I didn't have a problem with, you know, to be able to sort of streamline a settlement, rather than to re-argue the same thing over and over. But I never understood that to mean that where you had a bona fide defense, there couldn't be a variation from that. And then to hear from counsel that, because I had a colleague who, it's in the record that I had a colleague who got a lesser amount based on giving this firm referrals. And then to have that sort of punitively, because I was raising this stipulation in the settlement agreement, to have that punitively yanked out from under me and have the settlement demand doubled. I mean, you know, with respect to that, it seems like you all have an unusual personal relationship. I was not really concerned about that when I was in the lawsuit. And as I understand, correct me if I'm wrong, you had a claim of a violation a number of years ago. There was a violation against the settlement agreement, right? Right. Then 10 years later, that time may be a little bit off, the same law firm brought an identical lawsuit essentially for the previous violation, as if nothing had changed. Then you go to our court, and our court said, the district court did certain things wrong, but also said that the settlement agreement barred the repetition of the earlier lawsuit. Is that correct? Well, the settlement agreement and the stipulation, and a key fact is, it's a very broadly worded stipulation, which was not signed by the parties until after the monetary settlement had been paid, until after everything, all the terms of the settlement agreement had already been fulfilled. So it was very clear that the stipulation was for the parties to preserve this parking space. I mean, clearly the settlement agreement wasn't intended so they would just put in the parking on one day and yank it out the next day. I mean, clearly the stipulation was intended for the parties, for the defendants to maintain that parking space, according to the record. We believe they did. Now, there's a dispute on that, but the parking space that was approved by the plaintiffs, by the appellant, wasn't a thing of beauty. So the amount that they claimed had deteriorated was, in my view, very small. But more importantly, I think, is that the plaintiff's counsel, appellant's counsel, essentially conceded that the parking had not, and you'll see this in the correspondence, that the parking had not changed, but that they took pictures on a rainy day and you couldn't see the lines. And then she changed her story. So there's a whole lot of facts in the record that show that this was not simply a 19-day delay. In fact, the delay in terms of the passage of time is really a red herring. It's what happened during that time when I had asked repeatedly, including by phone call for a settlement agreement, was ignored, and plaintiffs were flip-flopping, as the judge pointed this out as well, were flip-flopping on their theories for why they brought the lawsuit first. Let me ask you this. Is it not correct that our court said, and I'm quoting, that the lawsuit was properly dismissed as barred by the prior settlement? Whatever you all think, our court felt that the settlement agreement barred the new lawsuit. Is that correct? That's correct. Okay, and that binds your opponent. It binds you, right? That's correct. So when we look at an appeal and we look at what the district court did in terms of the viability of the settlement agreement, we look at what our court said, right? I believe so, Your Honor. So that's what we're struggling with here. You've got the plaintiffs that are saying, oh, that doesn't mean anything, we're just vindicating our rights. The court said, you don't have any rights in that regard. You just don't seem to be sure. So I'm a little puzzled by the whole thing. But it does seem clear that our court found there was no existing right to continue with the new suit. The prior settlement was valid and barred. So now we have all these appeals. Plaintiffs continue to do certain things. You continue to do certain things. And the district court said, no, enough. You've got to move on with this. Stop it. You wouldn't do it. They didn't do it. And now we're here where we are today under some sanctions. What's your view about these sanctions? Obviously your opponent thinks they're just inappropriate. The record doesn't seem to support his position. What's your view? I believe it very much supports, they're very much supported by the record. This was litigation that continued for a year. I mentioned and I made counsel aware of the extreme hardships that my clients were undergoing. In fact, one of them has recently passed away. So there's only one named appellee left. And it was, I felt very heartless on the appellants, the way they dealt with this. And anyway. Can I ask about, Evan, the notion that the district court had and that we affirmed was that they should have filed some kind of a motion to enforce the settlement in the prior case. How would that litigation have looked different from the litigation that they actually brought? Well, I think if they had brought that, it would have been, there would have been a hearing as to whether the parking space was out of compliance with what the settlement agreement approved. Or I think there could be, as well as the court could have, remember the stipulations that not only did it say, talk about enforcing the terms of the settlement agreement, it also talked about interpretation. So I think if they could have even brought, I mean, they were required to bring, if this position that they're maintaining now, if they really had a reasonable belief in that, it's still a matter of interpretation and they should have brought it to the district court to get clearance before filing this lawsuit. And so even though there was an underlying dispute over the adequacy of the space ten years later, the fact that they invoked the wrong box means that the whole dispute goes away, it never gets resolved, and they get sanctioned. Well, they caused my clients a lot of fees and heartache. Ultimately, the ruling, I find it odd that by picking the wrong procedural box, substantive immunity is conferred for what may have been a violation, but the merits were never determined. I mean, we're bound by what the prior panel said, that putting it in the wrong box means that it's all over and the dispute doesn't get resolved. But that strikes me as a little bit odd. Well, the retained jurisdiction would have allowed for a very fast procedure to make the determination, save my clients a ton of attorney's fees. I mean, they did upgrade parking anyway right away at the beginning of the lawsuit. What the plaintiff was after here, and I mean, that's part of the irony, too. There was almost two years that elapsed between the elect visit and when they filed the lawsuit. So, obviously, the injunctive part wasn't all that important to them. It was the money, and they were seeking additional, you know, to double that as the district court trial judge said. And I think that's what drove them to do it this way when it was clearly questions by my colleague. All right, very well. All right, you have some rebuttal time. Thank you, Your Honor. I just want to make a couple things clear because I think there might be a misunderstanding. When we filed the second lawsuit, the question that we had, the question that was argued, was does the original lawsuit settlement agreement and dismissal preclude this second lawsuit? We thought we had good arguments because of the scope and the language and that sort of thing, and also the argument that this is new conduct, that they had been in compliance for eight years and let it go on to noncompliance. I mean, it was 13 years total between the time of the settlement and the new claim. So, we thought we had good arguments. We lost that argument. We're not repeating that argument. The idea that we're continuing to raise a frivolous argument is just not true. This is a standard. We have our arguments, 12B6, 12B1. We lost. We appealed it because we thought our arguments were good. That's just normal. And so, we've never raised it again. We're never not appealing it again. So, I just want the court to be clear about that. We lost. It's done. And we thought we had good arguments. I've only shared those arguments to show that we weren't frivolous, that we had a position for it. And so, we're just saying that there's no sanctionable conduct. We're merely showing the court that we had a non-frivolous argument. And I'm trying to find the sanctionable conduct here. So, we raised an argument that didn't fly, but we had a good basis for it. We cited the authorities, and I'm just trying to find the sanctionable conduct. Is it the doubling of the settlement demand? Is it the maintaining it? We're out. We're out. We're over time. Any other questions by my colleagues? Thanks to both counsel. The case, as argued, is submitted. Thank you, Your Honors. Thank you, Your Honors.
judges: SMITH, COLLINS, LEE